UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| STANLEY JEFFERY HOUSTON, | ) | CASE NO. 1:17 CV 2385 |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | |
| | ) | |
| UNIVERSITY HOSPITALS OF OHIO, et al., | ) | OPINION & ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Stanley Jeffery Houston sues Defendants University Hospitals and Cuyahoga County. The Complaint is difficult to decipher, but Plaintiff seems to claim that he suffers from multiple, serious health problems, and that he is not satisfied with the treatments he has received for those problems.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but "an unadorned, the-defendant-unlawfully-harmed-me accusation" is not

enough.  *Iqbal*, 556 U.S. at 678 (2009).   A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid federal claim, *see*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief), nor does it set forth a claim over which this Court might arguably have subject matter jurisdiction.   The Court finds this case is therefore appropriately subject to summary dismissal.  *See, Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Accordingly, this action is dismissed, without prejudice to any valid state law claim Plaintiff may have under the facts alleged.   The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


Dated: March 14, 2018               *s/     James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE